IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR13 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| RACHELLETTE MCKISSACK, | ) | SENTENCING AND RESTITUTION |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United

States Attorney, through Margaret A. Kane, John C. Hanley, and Suzana K. Koch, Assistant

United States Attorneys, and respectfully states as follows for its Sentencing and Restitution

Memorandum.

Defendant in this case was charged with two counts of Interference with Commerce by

Means of Robbery, in violation of 18 U.S.C. § 1951(a) and one count of Using or Carrying, and

Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii).  Defendant pled guilty to all three counts on March 12, 2019.  There is no

plea agreement in this case.

**I.      The violent nature of these repeat robberies warrants a lengthy sentence.**

Upon properly calculating the advisory guideline range, this Court is required to follow

18 U.S.C. § 3553(a), which states:

This Court is required to consider the following factors in determining the
sentence.

(a) Factors to be considered in imposing a sentence.--The court shall impose a
sentence sufficient, but not greater than necessary, to comply with the purposes

set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(5) any pertinent policy statement--

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

When considering the nature and circumstances of the offense, the Court should consider that the Defendant's behavior showed an escalation of violence.  The Defendant first robbed the Cleveland Consignment Shop on November 15, 2018, with a hammer.  The Defendant stated to an employee, "you're a smart girl I don't want to hurt you give me the bags" while touching the hammer in her jacket pocket.  The very next day, on November 16, 2018, the Defendant again robbed the same store, yet this time brandished a large shotgun and pointed the firearm directly at a customer when she entered the store.  The Defendant made further threats to employees on

this day, stating "follow me and I'll fuck you up".  Each incident involved a threat of physical violence coupled with a deadly weapon.

The Government also asks that the Court consider relevant conduct that occurred on July 9, 2018, where the Defendant stole handbags from the Cleveland Consignment Shop.  While the Defendant did not have any weapon on her person on this occasion, it further demonstrates the escalation of violence in the Defendant's behavior.  The Defendant also has a pending case in the Cuyahoga County Court of Common Pleas, CR-18-631680, which involves similar conduct of the Defendant stealing purses from Saks Fifth Avenue Department Store on three different dates.

The Defendant's conduct greatly impacted both the business in general and the individual employees' emotional well-being.  The store closed for one week following the second robbery due to safety concerns. The owner of the store contemplated closing permanently out of fear for employees' safety.  Each individual employee present during the robberies had to seek professional help to deal with the post-traumatic stress.  The Government anticipates that each victim will provide a victim impact statement or appear personally at sentencing to discuss the lasting effects that this incident has caused.

While the Defendant does not have any criminal history, the Government submits that the serious nature of the instant offense is a recurring course of conduct showing an escalation of violence.  The incidents had a serious lasting effect on each individual employee who was robbed.  The Defendant's actions also greatly impacted the Cleveland Consignment Shop business, as outlined in the restitution section.  The Government asks that this Court impose a lengthy sentence to reflect the violent nature of these events.

**II.      Restitution will be ordered against Defendant Rachellette McKissack pursuant to the Mandatory Victim Rights Act.**

Restitution orders are authorized by statute, 18 U.S.C. §§ 3663, 3663A, and 3664, and are distinct and separate from the United States Sentencing Guidelines.  Restitution constitutes punishment.  *United States v. Schulte*, 264 F.3d 656 (6th Cir. 2001) *see also United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (restitution is "punitive rather than compensatory in nature").  "Although the guidelines mandate imposition of restitution where allowable under the statutes, the restitution statutes function independently from the guidelines and do not rely on the guidelines for their validity."  *United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir. 2005). "Restitution under the MVRA is a criminal penalty and a component of the defendant's sentence."  *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (*quoting United States v. Chaney*, 964 F.2d 437, 451 (5th. Cir. 1992).

It is the court that determines the amount of restitution.  The MVRA specifically states that the amount of restitution should be equal to the "amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the Defendant." 18 U.S.C. § 3664(f)(1)(A) (when a court is ordering restitution, the amount of restitution should be equal to the "amount of each victim's losses *as determined by the court*." *Sosebee*, 419 F.3d at 462 (*quoting* 18 U.S.C. § 3664(f)(1)(A) (emphasis in original)).

When sentencing a Defendant convicted of an offense resulting in bodily injury to a victim, the Mandatory Victims Restitution Act ("MVRA") requires the court to order that the Defendant make restitution to the victim of that offense.  18 U.S.C. §§ 3663A(b)(2)(A), (B), and (C); 3663A(c)(1)(A)(ii).  The MVRA requires those convicted of crimes of violence that result in damage to pay restitution for victims' losses.  *United States v. McDougal*, 368 F.App'x 648, 652 (6th Cir. 2010).

4

The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Under the MVRA, a victim is any person harmed "as a result of the commission of an offense ... including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). *United States v. Elson*, 577 F.3d 713, 730 (6th Cir. 2009).  The MVRA "does not require a victim to have a subjective belief that he or she has been harmed.  Rather, it is left to the court to make that determination." *United States v. Teadt*, 2016 WL 3455353 (6th Cir. Jun 24, 2016).  In this case, the victims are the Cleveland Consignment Shoppe and its employees:  M.A., M.L., C.L., J.L., and A.W.

> **A.  Restitution should be made payable by Defendant Rachellette McKissack to the Cleveland Consignment Shoppe and its employees in the total amount of $32,023**.

The total amount of restitution due to the victims in this case is $32,023.  A portion of this restitution may need to be payable to an insurance company, and the United States is currently waiting for information to confirm how much the insurance company paid so it may be substituted as a victim pursuant to 18 U.S.C. § 3664(j).

The Cleveland Consignment Shoppe is owed $29,953.00 in restitution for lost sales income.  18 U.S.C. §§ 3663A(b)(2)(C).  The employees have expenses related to necessary medical and related professional services relating to physical, psychiatric, and psychological care pursuant to 18 U.S.C. §§ 3663A(b)(2)(A) in the amounts as follows:

| Victim | Amount |
|--------|--------|
| M.A. | $750.00 |
| M.L. | $300.00 |
| C.L. | $500.00 |
| J.L. | $200.00 |
| A.W. | $320.00 |

The United States has shared the documentary evidence received from most of the employee victims as of the date of this filing with defense counsel, and the United States expects to supplement that disclosure in advance of sentencing for the remaining employee victim as well as the calculation for lost sales income.

**B.**     **Specific payment terms requested.**

The United States requests that the Court establish the following conditions of restitution payment in accordance with the Court's authority under 18 U.S.C. §§ 3572 and 3664(f), which should be applicable until such time as Defendant has satisfied the financial obligations to be imposed by the judgment:

1.     the special assessment must be paid in a lump sum due immediately; and

2.     payment of restitution is due immediately.  Any restitution amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 25% of Defendant's gross earnings, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).  If Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to

include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

**III.    Conclusion**

The United States respectfully requests that Rachellette McKissack receive a lengthy sentence, which the government believes is sufficient but not greater than necessary to reflect her violent conduct and the ends of justice in this case.  In addition, the United States respectfully requests that the Court order immediate payment of restitution by the Defendant to Cleveland Consignment Shoppe and its employees in the total amount of $32,023.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Suzana K. Koch
        Suzana K. Koch (OH: 0073743)
        Margaret A. Kane (OH:  0082084)
        John C. Hanley (OH: 0079910)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3748
        (216) 522-4542 (facsimile)
        Suzana.Koch@usdoj.gov
        Margaret.Kane@usdoj.gov
        John.Hanley2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of June 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Suzana K. Koch
Suzana K. Koch
Assistant U.S. Attorney